**Fred ELLIS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 14, 1977.

Certiorari Denied by Supreme Court Sept. 26, 1977.

Farrell A. Levy, J. D. Lee Law Offices, Madisonville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

DWYER, Judge.

Appellant, Fred Ellis, was convicted by a jury of assault with intent to commit murder in the second degree and sentenced to serve not less than two nor more than five years in the State Penitentiary.

In his appeal to this court he has made a single assignment of error which questions an evidentiary ruling of the trial court. Appellant contends that the trial judge erred in instructing the jury that the testimony of one of the defense witnesses could be considered for impeachment purposes only. While it is not necessary in answering this one assignment to give the customary enumeration of facts which the jury had before it, a synopsis of the pertinent evidence will be given.

The evidence as presented by both sides revealed that a feud had existed for at least four years between Myles Witt, the victim of the assault in this case, and several members of the Ellis family. The resulting hostilities included numerous armed encounters, shots being fired into an occupied dwelling and the shooting death of a member of the Ellis clan.

Myles Witt, testifying concerning the assault on his person sub judice, stated that Ellis had fired upon him and his wife without provocation, while he was driving his Bronco automobile. On cross-examination he denied ever threatening to kill the appellant.

The appellant Ellis, testifying in his own behalf, admitted shooting at Mr. and Mrs. Witt, but claimed that he was acting in self-defense, that is, he was changing a tire on his vehicle and that Witt tried to run him down. He denied ever threatening to kill Witt.

The appellant then attempted to introduce through the testimony of one W. E. Wallace evidence that Myles Witt had threatened to kill Fred Ellis some three years prior to this incident. The trial judge upon objection by the State held that the statement was too remote to be admitted as a prior threat, but would allow the evidence to be admitted for the purpose of impeaching Witt's testimony. This ruling is the basis of appellant's assignment of error.

 The State contends that, since a similar objection was raised by the defense and a similar ruling made by the trial judge as to certain testimony by a State's witness prior to Mr. Wallace taking the stand, the appellant should not now be allowed to complain. The fact that the trial judge may have ruled erroneously twice, if at all, in no way hinders the appellant in seeking review of the adverse ruling by such reasoning.

Appellant, having raised the issue of self-defense, was entitled to show prior communicated threats made by the victim. *Jackson v. State*, 65 Tenn. 452, 460 (1873) accord, *Wallace v. United States*, 162 U.S. 466, 16 S.Ct. 859, 40 L.Ed. 1039 (1896). The *Jackson* case clearly states that in order for the jury to determine whether or not the accused was acting under a reasonable fear of his own life, evidence of previous threats and acts of hostility by the victim, as well as his character and the facts and circumstances immediately preceding the assault should be admitted and it is error not to do so. We agree.

Our finding that the trial judge's limitation of the introduction of the prior threat was error does not, however, dispose of this assignment. As previously noted, there was ample evidence before the jury of the violent hatred which had existed for some time between these two parties. Any further evidence of threats or hostile actions would have been, we think, cumulative only. *Holt v. State*, 170 Tenn. 76, 91, 92 S.W.2d 397 (1935). In other words, with the jury's rejection of the appellant's self-defense plea, we think the limitation by the court that the testimony of Wallace was to be considered only for purposes of impeachment of Witt's testimony under these facts and circumstances was harmless. Therefore, after examining the entire record, we cannot say that it affirmatively appears that the error complained of has affected the results of this trial.

We hold that the error committed was harmless under T.C.A. 27–117 and affirm the judgment of the trial court.

WALKER, P. J., and TATUM, J., concur.